AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

FILED
JUL 25 2005

[signature] CLERK

DISTRICT OF SOUTH DAKOTA

UNITED STATES OF AMERICA
V.

Kristen Lynne SCHULZ, DOB: 03/27/80;
Benjemen MOON, DOB: 09/30/75; and
Steven Craig ALEXANDER, DOB: 12/30/76

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-34

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July 22, 2005 in Minnehaha County, in the District of South Dakota defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with the intent to distribute crack cocaine, a schedule II controlled substance,

in violation of Title 21 United States Code, 841(a)(1).

I further state that I am a(n) DEA Special Agent and that this complaint is based on the following
Official Title

facts:
See attached affidavit.

Continued on the attached sheet and made a part    ☒ Yes   ☐ No

Steve Hummel /S/A
Signature of Complainant
07-25-2005

Sworn to before me, and subscribed in my presence,

July 25, 2005
Date

at Sioux Falls, South Dakota
City and State

John E. Simko, U.S. Magistrate Judge
Name and Title of Judicial Officer

[signature]
Signature of Judicial

DISTRICT OF SOUTH DAKOTA )   AFFIDAVIT IN SUPPORT OF COMPLAINT
COUNTY OF MINNEHAHA       )   AND ARREST WARRANT

I Steven K. Hummel, first being duly sworn, depose and state:

1. I am a Special Agent with the U.S. Drug Enforcement Administration (DEA) and the following is based on my personal knowledge and conversations with other law enforcement officers.

2. On the morning of July 22, 2005, Sioux Falls Police Officers were called to the Comfort Suites, 3208 S. Carolyn Avenue, Sioux Falls, SD by motel management. The officers were advised that a strong smell of marijuana was coming from room #204. Uniformed officers Miller and Nelson knocked on the door which was subsequently opened by Kristen Schulz. Ms. Schulz invited the officers into the room. Both officers noticed a strong smell of burnt marijuana and observed two burnt marijuana cigarettes on top of a small refrigerator. Officer Nelson also observed several sandwich baggies on the floor, bed and nightstand. All occupants denied ownership of the marijuana. Ms. Schulz acknowledged renting the room, and gave permission for the officers to look further into the room.

3. Officer Nelson located a razor blade with a powdery residue in the nightstand. Officer Nelson field tested the substance which gave a positive reaction for the presence of cocaine. Schulz, Alexander and Moon were then placed under arrest. While searching Moon, Officer Miller found $6,460.00 in Moon's pockets. All three suspects were transported to the Minnehaha County Jail to be booked in on drug related charges.

4. During the booking process, Minnehaha County Sheriff's Sergeant Balfe located a plastic baggie in Schulz' bra. The baggie appeared to contain crack cocaine. The suspected crack cocaine consisted of seventeen separate bindles contained within a zip lock bag. The gross weight of the suspected cocaine was 6.4 grams.

5. Later in the morning of July 22, 2005, Comfort Suites management again contacted law enforcement regarding room #204. Motel personnel, while cleaning room #204, located an additional quantity of suspected crack cocaine and a firearm. I responded to the motel room, along with SFPD Det. Kneip and others. Located under the nightstand of the room was a black plastic bag containing two clear plastic baggies, both containing suspected crack cocaine. Under a tall dresser in the room, was located a Glock 9mm handgun, two clips and a couple rounds of ammunition. I took custody of the items located in the room at that time. I field tested the suspected crack cocaine and received a positive reaction for the presence of cocaine. This substance had a gross weight of approximately 91 grams. By the appearance of the substance and the manner in which it was packaged, I believe that both the substance seized from Schulz and the substance located in the motel room are crack cocaine.

6. I know, based on my training and experience, that 91 grams of crack cocaine is in excess of what a person would likely have for personal use and is indicative of possession with intent to distribute crack cocaine.

7. Based on the above information, I believe that probable cause exists to believe that on or about July 22, 2005, Kristen Schulz, Steven Alexander and Benjemen Moon did knowingly and intentionally possess with the intent to distribute crack cocaine, a schedule II controlled substance, in the District of South Dakota, in violation of Title 21, USC Section 841(a)(1).

S/A Steven K. Hummel

Sworn to before me and subscribed in my presence on this 25th day of July, 2005.

John E. Simko
U.S. Magistrate Judge