UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br>KRISTEN LYNNE SCHULZ, BENJAMIN MOON, AND STEVEN CRAIG ALEXANDER　　Defendant | Case No.: CR 05-M34-03<br>BRIEF IN SUPPORT OF<br>MOTION FOR SUPPRESSION OF PRIOR BAD ACTS EVIDENCE |

FILED
AUG 17 2005
CLERK

Defendant Alexander has filed a Motion pursuant to Rule 12 to Suppress Prior Acts Evidence.

## FACTS

Defendant Alexander has previously been sentenced on at least six separate occasions and changes for drug related activity. As a result of said convictions Defendant now has numerous felony convictions on record against him. He seeks to prevent the government from introducing evidence of such convictions in its case in chief against him or on rebuttal.

## THE GOVERNMENT SHOULD BE PROHIBITED FROM INTRODUCING EVIDENCE OF DEFENDANTS PRIOR ACTS/CONVICTIONS IN THIS CASE

Federal Rules of Evidence 404(b), 403 and associated case law governs the use and admissibility of prior /bad acts evidence. **Rule 404. Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes**

**(a) Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

**(1) Character of accused.** Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

**(2) Character of victim.** Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

**(3) Character of witness.** Evidence of the character of a witness, as provided in rules 607, 608, and 609.

**(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In this case, if the government were allowed to introduce the evidence of the Defendant's prior convictions as noted above, the Jury would tend to believe that he were guilty of the instant offense charged since he had been found or admitted guilt of numerous previous charges of drug possession.. To consider such a situation Rule 403 provides **Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion , or Waste of Time.**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Dated this 17th day of August 2005.

/s/ Gary W. Conklin
Gary W. Conklin, Attorney for
Defendant Steven Craig Alexander
300 N. Dakota Ave. # 608
Sioux Falls SD 57104
605-978-0036

CERTIFICATE OF SERVICE

This is to certify that on this 17th day of August 2005 by regular United States Mail, postage prepaid, first class, I mailed a true and correct copy of the above Brief in Support of Motion for Suppression of Prior Bad Acts Evidence to:

Mr. John Haak, Attorney
Office of United States Attorney
PO Box 5073
Sioux Falls SD 57117-5073

Mr. James A. Eirinberg, Attorney
300 N. Dakota Ave. # 509
Sioux Falls, SD 57104

Mr. Michael W. Hanson, Attorney
505 W. 9th St. #100
Sioux Falls, SD 57104

_____
Gary W. Conklin, Attorney for Steven Craig Alexander