UNITED STATE DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br>vs.<br>KRISTEN LYNNE SCHULZ, BENJAMIN MOON, AND STEVEN CRAIG ALEXANDER         Defendant | Case No.: CR 99-40137-01-,02,03<br><br>BRIEF IN SUPPORT OF<br>MOTION TO SUPPRESS |

Comes now Gary W. Conklin, Attorney for Steven Alexander one of the Defendants herein and states as follows:

**FACTS**

1. That on or about July 24, 2005, Sioux Falls police officers arrived at the Comfort Inn Suites Motel in response to a claim that motel personnel smelled marijuana coming from a guest's room and noted what they thought was heavy visitor traffic to room 204.

2. The two officers knocked on the door of Room 204 and identified themselves and asked permission to enter the room. The room was occupied by the three defendants.

3. In their reports the police officers claim that they were given permission by Defendant Schulz to enter the room.

4. However, Defendant Schulz states that she <u>did not give the police permission to enter</u> the room.

5. The officers say they saw in plain view two marijuana blunts on top of a small dormitory style refrigerator. One of the officers also saw a cigar blunt on a divider in

1

the room. They also saw several sandwich baggies on the floor. The occupants stated that the marijuana belonged to a person who had just left moments before.

6. Officers then claim that Defendant Schulz told them the room was in her name and that she gave them a consent to search the room. Defendant Schulz denies making such a statement.

7. Further the Government will not be able to produce any records showing Defendant Schulz to have been the registered guest for the room at the time of the search.

8. That Defendant Schulz did not have the authority to grant anyone permission to enter or to search the motel room.

9. The policemen then searched the room.

10. In their reports they claim that they opened a dresser drawer located between that two beds and found a razor blade with a residue of crack cocaine on it.

11. The three defendants were then arrested.

12. One of the officers about this time found three boxes of sandwich bags in the room on the floor.

13. Based on the above discoveries they arrested all three Defendants occupants of the room at the time of the search.

14. That two officers of the Sioux Falls Police Department claim that they each made a thorough and separate search of the motel room and found nothing, other than the razor blade with crack cocaine, two marijuana roaches and about $6400 on Defendant Moon.

2

15. That while at the booking department of the Minnehaha County Jail, booking officers claim to have found about 6.4 grams of crack cocaine on the person of Defendant Schulz.

16. That later the same day, after all three Defendants were arrested and placed in the Minnehaha County Jail, Officers received a call from the management at the Comfort Inn Suites Motel.

17. Officers returned to the motel and were told by employees that they had found a pistol and a bag in room 204. This second search was performed without a warrant or any consent from anyone.

18. Officers claim that the bag contained 121.00 grams of crack cocaine.

That the results of the two searches should be properly be suppressed by this Court because of the fact there was no consent to such search by any registered occupant of the room; that there was no good cause or good faith search of said room. That there were no exigent circumstances, which required or authorized a search of such motel room without a warrant.

19. That the results of the second search in should also be suppressed for the reason that the room had been thoroughly searched by the two police officers according to their reports, and for the reason that once arrested by the policemen, none of the Defendants had the opportunity to control the room premises nor should they therefore be responsible for any additional controlled substances discovered after the officers searched the room and they the Defendants having been removed.

20.    In the alternative, such search results should be suppressed as a result of fruits of the poisonous tree doctrine, in that they may have been made as a result of the officer's constitutionally deficient search of the room.

ARGUMENT

The Constitution requires that all persons be safe from unreasonable searches and seizures. U.S. Constitution Article 4., Davis v U.S., 328 U.S. 582,66 S. Ct. 1256, 90 L. Ed. 1453(1946).    The Fourth Amendment protects an individual's reasonable expectation of privacy from unauthorized intrusion.   U.S. v Madrid, 152 F. 3d 1034 (8th Cir. 1998),reh'g en banc denied, 160 F. 3d 502(8th Cir. 1998). The Fourth Amendment's central requirement is one of reasonableness. U.S.C.A. Amend. 4. Illinois v McArthur, 531 U.S. 326,121 S. Ct. 946,148 L.Ed 2d 838(2001).

A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing. U.S.C.A. Amend. 4. City of Indianapolis v Edmond, 531 U.S. 32, 121 S. Ct. 447, 148 L. Ed. 2d 333 (2000). Whether an expectation of privacy is legitimate for Fourth Amendment purposes does not depend on whether an individual chooses to conceal assertedly "private activity"; rather, the correct inquiry is whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment. Schmerber v California, 384 U.S. 757, 86 S. Ct. 1826, 16 L.Ed.2d 908 (1966). The  "Totality of the circumstances" approach to making reasonable-suspicion determinations allows officers to draw on their own experience and specialized

training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person. U.S. v Arvizu. 534 U.S. 266,122 S. Ct. 744,151 L. Ed. 2d 740 (2002).

The Fourth Amendment protects legitimate expectations of privacy not places. Minnesota v Olson, 495. U.S. 91, 110 S. Ct. 1684, 109 L. Ed 2d . 85 (1990). Even if Defendants were engaged in some sort of drug dealing in a motel room that they did not rent, they still had a reasonable expectation of privacy. U.S. V Nerber, 222 F 3d. 597(9th Cir. 2000).

A warrantless search is per se unreasonable, Minnesota v Dickerson, 508 U.S. 366, 113 S. Ct. 2130; 124 L. Ed. 2d 334 (1993). and presumptively violates the constitutional proscription against unreasonable searches and seizures, unless it comes within a recognized exception to the warrant requirement such as a search by consent, a search incident to arrest, probable cause and exigent circumstances, or items in plain view. With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no. U.S.C.A. Const.Amend. 4. Kyllo v U.S. 533 U.S. 27, 121 S. Ct. 2038,150 L.Ed.2d 94(2001).

Probable cause exists when the facts and circumstances within officers knowledge, and of which type have reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed. Berger v State of N.Y., 388 U.S. 41,87 S. Ct. 1873, 19 L. Ed. 2d

5

1040(1967). The detection of an odor or marijuana may by itself not be sufficient for a warrantless search. People v Creed, 34 Ill .App. 3rd 282, 339 N.E. 2d 305 (3rd Dist. 1975).

Exigent circumstances exist justifying a no warrant search of a residence exist when there is compelling need for official action and there is not time to secure a warrant. U.S. V Marshall 157 F 3d 477(7th Cir. 1998). But there must be some or immediate danger to life or serious damage to property. People v Frye,, 18 Cal 4th 894, 19 Cal 4th 253d, 77 Cap Reprt 2d 25, 959 P 2d 183(1998) cert den 119 S. Ct. 1262,143 L.Ed 2d 358 (U.S. 1999). In the instant case there uppers to be no reason why the officers could not have obtained a warrant to search the motel room. There appears to have been no life threatening situation that required action to search the room.

A consensual search is compatible the Fourth 4th Amendment if voluntarily given without coercion. U.S. v Ivy, 165 F 3d 397, 1998 Fed App 381P (6th Cir. 1998). U.S. V Martinez 168 F 3d 1043 (8th Cir. 1999). Clear and convincing evidence is the standard. The government bears the burden of proving, by a preponderance of the evidence, that Defendant's consent to the search was given freely and without coercion. United States v. Smith, 260 F.3d 922, 924 (8th Cir. 2001). In this case the officers claim they had permission to enter the room but they did not obtain consent from anyone who had the power to give it. A warrantless search or seizure is not unreasonable if it has been consented to. See generally Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). An individual's consent is valid if he or she has common authority over the property to be

searched. United States v. James, 353 F.3d 606, 613 (8th Cir. 2003). Whether a person can consent depends on the facts, such as the presence of their clothing or and other possessions at the site to be searched and whether they send significant amounts of time at the location. United States v. Douglas, 135 Fed.Appx. 4 (8th Cir. 06/01/2005). Defendant Schulz could not consent to the entry of or search of the room. The results of the illegal search should also be suppressed under the "fruit of the poisonous tree doctrine." Wong Sun v. United States, 371 US 471, 83 S.Ct 407, 9 LEd2d 441 (1963).

Observations of what is in plain view do not constitute a search. Thus officers may seize any object if they are lawfully in a position to view the object; the object incriminating character is immediately apparent; and the officers have a lawful right of access to the object. Minnesota v Dickerson, 508 U.S. 366, 113 S. Ct. 2130;124 L.Ed. 2d 334(1993). Officer may seize property under the plain view doctrine which is evidence, fruits or instrumentalities of a crime or contraband. U.S. v Richardson, 267 F. Supp. 2d 878 (S.D. Ohio 2003). In this case the initial evidence (marijuana) was not in plain view until the officers entered the room under the invalid consent. After they decided to search the room with the "consent" of Defendant Schulz, the officers had to open a drawer to find the razor blade with trace of cocaine on it. Officer may only search May only search areas within arrestees immediate control, i.e. area from which arrestees may gain possession of a weapon. Homes. v Kucynda, 321 F., 3d 1069(11th Cir 2003). They began searching the room even before they arrested the Defendants.

7

Evidence gained other than the search and seizure made incident to a valid arrest is consistent with the Fourth Amendment. U.S. v Engel, 415 U.S. 800, 94 S, Ct, 1234, 39 L. Ed. 2d 771(1974.). In this case the room was searched before the Defendants were arrested. Thus the search must fail constitutional requirements.

Dated this 26th day of September 2005.

*[signature]*
Gary W. Conklin, Attorney for
Defendant Steven R. Alexander
300 N. Dakota Ave. # 608
Sioux Falls SD 57103
605-978-0036
605-978-0064 FAX

CERTIFICATE OF SERVICE

This is to certify that on this 26th day of September 2005, by regular United States Mail, postage prepaid, first class, I mailed a true and correct copy of the above Brief to:

Mr. John Haak, Attorney
Office of United States Attorney
PO Box 5073
Sioux Falls SD 57117-5073

Mr. James A. Eirinberg, Attorney
300 N. Dakota Ave. # 509
Sioux Falls, SD 57104

Mr. Michael W. Hanson, Attorney
505 W. 9th St. #100
Sioux Falls, SD 57104

*[signature]*
Gary W. Conklin, Attorney for Steven R. Alexander

8